**Lee A. VARALLO,**

v.

**ELKINS PARK HOSPITAL; Tenet Healthcare Corporation, Appellants.**

**No. 02–1944.**

United States Court of Appeals, Third Circuit.

Argued March 4, 2003.

Decided March 26, 2003.

---

W. Thomas McGough, Jr., (Argued), Reed Smith, Pittsburgh, PA, and Michael D. Jones, Ryan J. Cassidy, Reed Smith, Philadelphia, PA, and Jerald R. Cureton,

Michael J. Wietrzychowski, Cureton Caplan, Delran, NJ, for Appellants.

Alan B. Epstein (Argued), Nancy Abrams, Spector, Gadon & Rosen, Philadelphia, PA, for Appellee.

Before: ROTH, BARRY, and FUENTES, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

We will dispense with a full recitation of the facts in this case, as we write primarily for the parties and the District Court who are familiar with them.

Suffice it to say, plaintiff Lee Varallo filed suit against Elkins Park Hospital and Tenet Healthcare Corporation (collectively, "the Hospital") when, after she took Family and Medical leave following the birth of her child, her position was eliminated and the Hospital failed to rehire her into another position. Varallo alleged a failure to rehire, as well as wrongful termination in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k), the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. §§ 951, et seq.

The Hospital filed a Motion to Dismiss or Stay Action and Compel Arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq, in light of a concededly broad and undisputedly valid arbitration agreement between Varallo and the Hospital.[1] The District Court de-

---

1. It is undisputed that Varallo's employment was governed by the Hospital's Fair Treatment Process ("FTP"), and that she signed a valid "Employee Acknowledgment Form," which obligated her "to submit to final and binding arbitration any and all claims and

disputes that are related in any way to [her] employment or the termination of [her] employment with Tenet." (App. at 33). Varallo further acknowledged "that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against

nied this motion, holding that while it was "undisputed that plaintiff's wrongful termination claims fall within the scope of the arbitration clause," 2002 WL 437956, at *3, it was also "undisputed that plaintiff cannot be compelled to submit to arbitration claims that are not covered by the arbitration agreement." *Id.* at *4. The District Court went on to find that Varallo's "failure to hire claims are not within the scope of her employment contract, and thus not subject to arbitration," because "[n]othing in the employment agreement can be construed to bind plaintiff past the termination of her employment," and she "cannot be bound by an employment contract beyond the termination of her employment, thereby putting her in a worse position, for failure-to-hire purposes, than applicants who had never worked for defendants." *Id.* The District Court then concluded that the arbitrable claims were "inextricably intertwined" with the non-arbitrable claims, and denied the motion to compel in its entirety, holding that "[a]lthough arbitration upon demand is the general rule, it has been held that where a party's arbitrable and non-arbitrable claims cannot be practically separated, it may be appropriate to deny arbitration of any of the claims," and, citing a handful of more than twenty-year old cases, that "[w]here arbitral claims are 'inextricably intertwined' with nonarbitrable federal claims, arbitration should not be permitted." *Id.* at *2, *6.

The standard of review in a case that calls upon us to address ourselves to the applicability and scope of an arbitration agreement is plenary. *See, e.g., Harris v. Green Tree Financial Corp.*, 183 F.3d 173, 176 (3d Cir.1999). A motion to compel arbitration "should not be denied unless it

may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Medtronic Ave, Inc. v. Advanced Cardiovascular Systems, Inc.*, 247 F.3d 44, 55 (3d Cir.2001) (internal quotations omitted). This is so because the legislative goal of the Federal Arbitration Act ("FAA") was ostensibly to "reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

When determining whether a given claim falls within the scope of an arbitration agreement, a court must "focus on the factual allegations in the complaint rather than the legal causes of action asserted." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir.1987). "If these factual allegations 'touch matters' covered by the parties' contract, then those claims must be arbitrated, whatever the legal labels attached to them." *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 624–25 n. 13, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

The District Court essentially found that the date of termination was, without more,

Tenet or its parent, subsidiary, or affiliated companies or entities, and each of its/or their employees, officers, directors, or agents, and that, by agreeing to use arbitration to resolve

[her] dispute, both the Company and [she] agree[d] to forego any right [they] each may have had to a jury trial on issues covered by Fair Treatment Process." (*Id.*).

or at least without much more, the point of demarcation between what was arbitrable and what was not. But Varallo was concededly bound to submit to arbitration "any and all claims and disputes that are related *in any way* to [her] employment or the termination of [her] employment . . . ." (emphasis supplied). It would be virtually impossible for her to allege a factual basis for *unlawful discrimination in the Hospital's failure to rehire her* without invoking events that occurred against the backdrop of and within the context of her employment and its termination. Stated somewhat differently, the factual underpinnings of all of Varallo's claims, are, in the words of the District Court itself, "inextricably intertwined." Indeed, she repeatedly alleges in her Complaint that the Hospital's "discriminatory intent [in eliminating her position] is *further evidenced* by the fact that plaintiff was not allowed the option of taking any other open pharmacist position so that she could continue employment with defendants." (App. at 44–46) (emphasis supplied). Clearly, then, even she believes that her lost employment is factually intertwined with her prospective employment and, thus, that the factual bases for her claims of wrongful termination and failure to rehire are linked. We simply cannot say with the "positive assurance" that we require before a motion to compel arbitration can be denied that the agreement here "is not susceptible of an interpretation" that covers the failure to rehire claim. *Medtronic Ave, Inc.,* 247 F.3d at 55.

Furthermore, the alleged severability and distinctiveness of the failure to rehire claim from the wrongful termination claims are undercut by the fact, and fact it

be, that only a job application of a former Hospital employee could accurately be termed an application for "*Re* hire" or "*Re* instatement" which, of course, are subjects explicitly covered by the arbitration agreement. It goes without saying that an applicant with no employment history with the Hospital would, by definition, have no claim whose factual premise could be anchored to anything that occurred during a previous employment.

For the aforementioned reasons, we conclude that all of Varallo's claims were covered by the arbitration agreement.[2] The judgment of the District Court will be REVERSED, and this case remanded to the District Court with instructions to compel arbitration of all of Varallo's claims.

---

**2.** We note, moreover, that even if the failure to rehire claim had not fallen under the arbitration agreement, the District Court should have ordered the arbitrable claims to go forward before an arbitrator. *See Dean Witter v. Byrd,* 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).